## WILDING v. HOUGH *et al.*

Trespass: JUSTIFICATION BY ROAD SUPERVISOR. Where, in an action for tearing down and removing a house belonging to plaintiff, the defendant justified as road supervisor, and that in the execution of his duty as such, he removed the house of plaintiff, which was in and constituted an obstruction of the public highway; it was *held*, that his defense was not available if he merely made use of his office as a cloak to perpetrate an injury upon the plaintiff, and that the exclusion of evidence tending to show this was erroneous.

*Appeal from Pottawattamie District Court.*

TUESDAY, OCTOBER 28.

THE petition alleges that the defendants, on the 15th day of August, 1873, by force and fraud broke and entered a certain house belonging to the plaintiff and which he was about to occupy, and that on or about the 31st day of August following, the defendants wrongfully and maliciously tore down and destroyed said house and the adjoining garden fence, and destroyed the garden, for which alleged unlawful malicious acts the plaintiff claims damages in the sum of $1,000.

The defendants answered denying all the allegations of the petition, and also justified by alleging that S. M. Hough was road supervisor of the road district in which said trespass was alleged to have been committed; that said house of plaintiff's was situated in a legally laid out public highway, to wit, Jackson street in the village of Crescent in said road district, and was an obstruction to said highway and a great impediment to public travel thereon; that the defendant Hough, as supervisor of roads, in pursuance of notice to him from the township trustees, and his legal obligation and official duty, assisted by the other defendants, at his request, carefully and without malice removed said house, doing no more injury to the premises or the materials than was absolutely necessary to remove the obstruction from the public highway.

The cause was tried to a jury, resulting in a verdict and judgment for the defendants. Plaintiff appeals.

*Sapp, Lyman & Hanna* for the appellant.

*Montgomery & James,* and *Clinton, Hart & Brewer* for the appellees.

MILLER, J. — On the trial the plaintiff propounded to the defendant Hough, on his cross-examination as a witness, certain cross-interrogatories which, on objection by defendants, the court did not permit the witness to answer. The plaintiff

Wilding v. Hough.

also propounded certain interrogatories to his own witnesses, both in chief and as rebutting, the answers to which the court, on defendants' objection, excluded. Proper exceptions were taken. It would occupy too much space to set out all these interrogatories in this opinion, nor is it necessary, in order to an understanding of the questions involved in the ruling, that we should do so. This action is for a malicious tort. The defendants deny the tort and also the malice, and further aver that in removing plaintiff's house they were performing a duty required of Hough as an officer, and that they did no more injury to the property of the plaintiff than was absolutely necessary. Conceding that the plaintiff's house was situated in the public highway, still the prominent issue to try was whether the defendant Hough really, in good faith, removed the house of the plaintiff for the purpose of opening the public highway, or whether he made use of his office of road supervisor as a cloak under which to perpetrate an injury upon the plaintiff, leaving the road in as bad condition after the removal of the house as it was before.

The questions asked by plaintiff of his own witnesses and of Hough, on cross-examination, all bear on this issue. They were calculated to bring out all the facts, by showing the condition of the road prior to the removal of the house by defendants; its condition afterward; what was done, if any thing, by the supervisor by way of opening the road, aside from the removal of plaintiff's house; whether other obstructions in the road had not been permitted by him to remain therein; the manner in which the house was removed; what was done with the materials of the house by defendants after the house was torn down, etc. The questions called for facts which were material and relevant to the question of the good faith of the defendants, and the court should have permitted them to be answered.

The court also ignored the question of malice in its instructions to the jury, although plaintiff requested proper instructions applicable thereto.

For these errors the judgment must be          Reversed.